## LANDSBERGER *v.* JOYCE.

1. CONTRACTS—SUBSEQUENT AGREEMENT—CONSIDERATION.

In an action for the purchase price of goods sold and delivered, the fact that defendants paid the freight, when it should have been paid by plaintiff, could not affect the question as to whether a new arrangement was made whereby defendants were to pay a certain amount of the purchase price, the freight to be deducted, and plaintiff to receive the goods back.

2. SAME—ACCEPTANCE—APPEAL AND ERROR.

A finding of the court below that defendants did not accept the terms of plaintiff's offer to receive the goods back, *held,* sustained by the evidence and not opposed to the great weight of the evidence.

Error to Kent; Perkins, J.   Submitted June 7, 1918.
(Docket No. 73.)   Decided September 27, 1918.

Assumpsit by Albert H. Landsberger against Albert
L. Joyce and Albert E. Joyce, doing business as A. L.
Joyce & Son, for goods sold and delivered.  Judgment
for plaintiff.  Defendants bring error.  Affirmed.

*C. G. Turner,* for appellants.

*Eastman & Eastman,* for appellee.

OSTRANDER, C. J.   The suit is brought to recover
the purchase price of certain goods sold and delivered
to defendants by plaintiff.   One shipment was made
in November, 1914, $82.50, the other in August, 1915,
$481.25.   That the goods were originally sold to, de-
livered, and received by defendants is not disputed.
That they had not been paid for when suit was begun
is not disputed.   There is no contest about quality,
quantity or price.   There is no controversy whatever
over the November item.   The declaration is upon the
common counts in assumpsit, the plea the general issue.
With the plea defendants gave notice that they would
show, in defense of the action,—

"that said goods mentioned in the declaration in said
cause were ordered by said defendants for fall de-
livery with an understanding that said goods should
not be delivered until the latter part of November,
1915, and that said defendants should have thirty days
and sixty days after delivery at that time.   That
said goods were shipped by said plaintiff in the sum-
mer time of 1915, when said plaintiff knew that said
goods could not be used by said defendants as they
were winter goods, and that said defendants could not
use them at that time and so notified said plaintiff.
"Said defendants will also give in evidence and in-
sist in their defense that just before the 1st of the
year of 1916, the said plaintiff had another agreement
with said defendants at the city of Grand Rapids,

Michigan, in which said plaintiff agreed that said defendants need not pay for the goods, and that said plaintiff would take the same back and notify said defendants where to ship them.

"That said defendants held said goods as per last arrangement with said plaintiff subject to the order of said plaintiff, and still have the same subject to their order according to said agreement.

"That at the time said plaintiff took the amount of freight bills and other things connected with expenditures made by said defendants in relation thereto, and acquainted himself with all the circumstances in the matter, and agreed as above stated."

The cause was tried by the court without a jury. At the conclusion of the trial the court rendered, orally, an opinion, concluding with an order for judgment for the plaintiff. The attorney for defendants said:

"A stay of twenty days and findings of facts and law I would like to have made by the court."

And the court replied:

"Well, that is all right. I will file what I have said here. I will look that over, and if it is enough, in my judgment, I will file it as findings of fact and law."

Later, this opinion was filed as "findings of fact and law"; this in February, 1917. Still later, May 17, 1917, formal findings were filed, and in June, 1917, defendants filed exceptions thereto, one of which is that the court filed two findings, both of them against the law and evidence. It does not appear that the exceptions, as such, were ever brought on to be heard. Some of them are embodied in the reasons asserted on the motion for a new trial. The record shows the following as the formal findings:

"This cause having come on to be heard before the court without a jury, the court does hereby find the facts to be as follows:

"1. That in the year 1914, and for some years prior

thereto, the plaintiff was engaged in business in the city of San Francisco, in the State of California, as a merchandise broker and manufacturer of food products.

"2. That the defendants in the year 1914, and for some time prior thereto, had been engaged and were engaged in the retail business, having a store in the city of Grand Rapids, and one store in Traverse City, both in the State of Michigan.

"3. That on the 2d day of February, 1914, the defendants signed a written contract for the purchase from plaintiff of 50 cases of tomato nectar and 50 cases of individual clam bouillon, amounting to $481.00. That these goods were to be shipped 'on or about the fall of 1915,' and were to be paid for one-half 30 days and the balance 60 days from date of invoice.

"4. That on the 3d day of November, 1914, the defendants ordered from plaintiff ten cases of clam bouillon for immediate shipment, and on the 5th day of November, 1914, defendants made additional order from plaintiff of ten cases of clam bouillon, amounting in all to $82.50, and that these goods were shipped to the defendants on the 14th and 23d days of November, 1914, and terms of payment 30 days from date of invoice.

"5. I further find that the goods called for by the order of February 2, 1914, arrived and were accepted by the defendants at Grand Rapids, Michigan, the latter part of August, 1915.

"6. I further find that defendants made some complaint, because these goods arrived too early and that the plaintiff, to meet this objection, agreed to extend the date of the invoice from August 17th to October 17th, thus extending the time of payment 60 days beyond the original agreement.

"7. I further find that during the year of 1915 the plaintiff made persistent and repeated efforts to secure from the defendants payments of the invoice of the goods shipped November, 1914, of $82.50, and after November 17, 1915, plaintiff made repeated efforts to secure payment of the goods shipped in August, 1915. And I further find that defendants made no payments on any of the goods shipped.

"8. I further find that on the 2d and 3d days of

December, 1915, the plaintiff was in the city and called upon the defendants for the purpose of securing payment of his bills and, in order to reach an immediate settlement or adjustment, offered to take back one-half of the goods shipped in August, 1915, provided that the defendants would immediately pay the balance of the goods shipped August, 1915, and also the bill of $82.50 for goods shipped November, 1914. Defendants refused to accept this offer. I further find that this was the only arrangement or agreement or understanding that the plaintiff had with the defendants on this occasion.

### "CONCLUSIONS OF LAW.

"1. I therefore conclude, as a matter of law, that the defendants are indebted to the plaintiff, and that the plaintiff is entitled to recover from the defendants the sum of five hundred seventy-nine and .06-100 dollars, and that judgment be entered in favor of said plaintiff against said defendants for that amount, with costs of this suit to be taxed."

As plaintiff also asked for formal findings and these formal findings were made, they must be considered as the findings of the court. Judgment was entered, and a motion for a new trial was denied.

There are 18 assignments of error. In the brief for appellants, it is said:

"The only question involved in this suit is whether or not the agreement entered into on the 3d day of December, 1915, as testified to by Mr. Joyce and his bookkeeper, Mr. Cherwenka, was a binding agreement; and whether or not there was any consideration for the same."

This must be referred to the 8th finding of fact and both to the 13th and the 18th, and perhaps to other, assignments of error.

If the contention of appellants is apprehended, it rests upon a ruling made by the court, and stated in the opinion delivered by the court, to the effect that whichever way the fact might be found as to the

claimed rescission of the contract of the parties, and whether plaintiff did or did not agree that defendants need not pay for the goods shipped in August, 1915, and that plaintiff would take them back, there was no valid consideration for any such new promise and agreement. Defendants contend there was a valid consideration, which was this: The order, the printed form, called for a shipment in August, 1915, of goods f. o. b. San Francisco. The order printed in the record and exhibited to this court at the argument shows the words "San Francisco" crossed by a line and above San Francisco is written in "G. Rapids." The freight was $17, and was in fact paid by defendants. They say, therefore, that the court was in error in saying that the obligation rested upon defendants to pay the freight; that when the alleged agreement was made to take back the goods plaintiff had $17, the freight money, which belonged to defendants, and, the alleged agreement being to take back the goods at Grand Rapids and to leave them in defendants' storage until shipping directions should be given, there was legal consideration for the promise. Plaintiff's attorney, in the brief and at the hearing, insisted that, as produced in the trial court, the order called for goods to be shipped f. o. b. San Francisco, saying that it would have been a very easy matter to have settled this question beyond any doubt if such a claim had been made at the time of the trial and intimating that the erasure and interlineation now shown upon the face of the order would have been observed at the trial if it had then appeared on the order. It is not at all likely that any one connected with this case altered the form of the order. Its form may have been overlooked. The significance of an order f. o. b. Grand Rapids may have escaped proper notice. But the fact has no possible significance as affecting the proper conclusion.

Suppose defendants paid $17 as freight when freight should have been paid by plaintiff. One of two things resulted: Either it was a payment on account, or it created a right of action for its recovery. It did not and cannot affect the question of whether a new agreement was made to take back the goods, because the defendants' testimony is that in the alleged new agreement plaintiff advised defendants that the freight would be allowed, to be deducted when defendants paid the account of $82.50. Beyond this, there is the 8th finding of fact, and it is not contended there was not some evidence to sustain the finding. Nor is the finding opposed to the great weight of evidence.

Assuming, therefore, that the defendants are right in the contention that the original order called for a shipment f. o. b. Grand Rapids, no error appears, and the judgment must be affirmed.

A motion to strike the brief of appellee from the files because of unwarranted allusions to the form of the order for the goods, and because of insinuations contained therein that the order as it now appears is in form different from the order produced in the trial court, is in form denied, although the court is of opinion that there is no evidence warranting the conclusion that the order has been altered. It has already been suggested that more important things than this have been overlooked in writings by both counsel and courts. It is not improper to suggest that when a matter may be reasonably explained and probably accounted for without impugning motive it is at least not gracious to charge, or insinuate, that bad motives and improper conduct are indicated.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.